ANDREWS *v.* VICTOR METAL PRODUCTS CORP.

5-3638                                    394 S. W. 2d 123

Opinion delivered October 4, 1965.

*Frank Lady* and *H. M. Ellis,* for appellant.

*Wayne Boyce* and *Fred M. Pickens,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellant, Clara Andrews, to recover damages resulting from her wrongful discharge by the appellee, her former employer. Upon two earlier appeals we remanded the case for further proceedings, holding in each instance that a prior judgment rejecting the appellant's claim for unemployment compensation was not *res judicata* in the present case. 235 Ark. 568, 361 S. W. 2d 19 (1962); 237 Ark. 540, 374 S. W. 2d 816 (1964). After the second remand the trial court, without a hearing on the merits, entered a summary judgment dismissing the appellant's complaint on the ground that she was not a party to the

collective bargaining agreement that had assertedly been violated and that therefore she has no standing to sue upon that contract. This appeal is from that order of dismissal.

Upon the second appeal we quoted that paragraph in the employer's contract with the union which provides that any employee may be discharged or suspended ''for cause.'' Here Mrs. Andrews contends that her discharge was in violation of that provision in the contract.

By the decided weight of authority, especially among the more modern cases, an individual employee may maintain an action upon a collective bargaining agreement to enforce rights that are personal to him as distinguished from those that accrue to the union as a whole. A wealth of authority to that effect is collected in cases such as *Narens v. Campbell Sixty-Six Express,* Mo., 347 S. W. 2d 204 (1961); *Jones v. International Union of Operating Engineers,* 72 N. M. 322, 383 P. 2d 571 (1963); and *Springer v. Powder Power Tool Corp.,* 220 Ore. 102, 348 P. 2d 1112 (1960). We reached a parallel conclusion in *H. B. Deal & Co. v. Marlin, Judge,* 209 Ark. 967, 193 S. W. 2d 315 (1946), holding that the plaintiff employees were third party beneficiaries of a contract between their employer and the Government and could maintain an action to enforce minimum wage provisions inserted for their benefit.

The appellee relies upon an 1897 decision, *St. L., I. M. & S. Ry. v. Matthews,* 64 Ark. 398, 42 S. W. 902, 39 L. R. A. 467. That was an action by Matthews for damages attributable to his discharge in violation of rules agreed to by the the railroad company and the Brotherhood of Locomotive Engineers. We held in effect that the contract of employment lacked mutuality, in that Matthews had not agreed to work for a definite period of time. Hence we concluded that he had no cause of action.

In the years since 1897 the doctrine of mutuality has come to be much more clearly understood than it

was then. As we observed in *Lindner* v. *Mid-Continent Petroleum Corp.*, 221 Ark. 241, 252 S. W. 2d 631 (1952), what the doctrine really means is that each party's binding duty of performance must be a sufficient consideration for the other's promise. In the case at hand the collective bargaining agreement contained an interchange of promises more than sufficient to create a valid contract. The union, for example, bound itself not to engage in a strike or slow-down during the five-year term of the contract. Such a clause can be enforced by the employer. *Lion Oil Co.* v. *Marsh,* 220 Ark. 678, 249 S. W. 2d 569 (1952). Thus Mrs. Andrews is in a position to assert her rights as a third party beneficiary of a valid agreement between the employer and the union. We need not determine the extent of her rights under any individual contract of employment that she may have had with the appellee.

Finally, it is insisted by the employer that Mrs. Andrews should have exhausted her remedies under the collective bargaining agreement by first appealing to the grievance committee created by the contract. It appears, however, that it was the employer who first breached the contract; so it cannot complain of a later breach by the employee. *Cummings* v. *Lord's Art Galleries,* 227 Ark. 972, 302 S. W. 2d 792 (1957).

The contract (see our opinion upon the second appeal) requires the employer, upon discharging an employee, to give both the employee and the president of the union, within 24 hours, a written statement of the reason for the discharge. This clause in the agreement affords substantial protection to the employee, for it compels the employer to make a statement, in black and white, that the employee may then lay before the grievance committee. Upon the record as it stands at this point it is an undisputed fact that the employer did not give the necessary written notice of its reason for discharging Mrs. Andrews. Inasmuch as its breach of the contract prevented her from asserting her grievance with

the certainty that she should have had, the appellee cannot complain of her election to seek redress in court.

Reversed and remanded for a trial on the merits.