Jim WYATT and Visual Cosmetic Changes *v.*
Tracy GILES

CA 05-1094                                    235 S.W.3d 552

Court of Appeals of Arkansas
Opinion delivered May 10, 2006

*Montgomery, Adams & Wyatt, PLC,* by: *James W. Wyatt,* for appellant.

*Harrill & Sutter, P.L.L.C.,* by: *Luther Oneal Sutter,* for appellee.

LARRY D. VAUGHT, Judge. On appeal Jim Wyatt argues that the trial court erroneously denied his motion to compel arbitration and dismiss the claim filed against him by Tracy Giles. Specifically, he argues that the trial court misapplied Arkansas's Uniform Arbitration Act, codified at § 16-108-201 (Repl. 2006). We affirm.

On October 13, 2004, Tracy Giles filed a complaint against Wyatt and Visual Cosmetic Changes. In her complaint she specified that she was alleging "an action in tort for negligence." She claimed that Jim Wyatt breached his duty of care by failing to "sufficiently numb [Giles's] skin, so when Mr. Wyatt started the procedure [Giles] experienced severe pain," and that "one eyeliner was larger than the other eyeliner." She also complained that, on the day following the procedure, she "awoke and saw that both of her eyes were severely swollen and black and blue."

On December 6, 2004, Wyatt answered Giles's complaint with a motion asking the trial court to dismiss Giles's claim and to compel arbitration. Wyatt based his claim on language contained in a "Disclosure and Consent for Tattoo and Dermal Procedures" agreement signed by Giles on September 29, 2002, which stated:

> I have agreed that should I have a complaint of any kind whatsoever, I shall immediately notify James L. Wyatt[,] and I further agree that any controversy or claim arising out of or relating to this consent and/or signed contract between myself and James L. Wyatt or the breach thereof, shall be settled by arbitration in the state of Arkansas in accordance with the Rules of the American Association and judgment of the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

In her response to Wyatt's motion, Giles argued that the arbitration agreement was not mutual and that without mutuality the arbitration agreement was not enforceable.

Oral arguments were heard on May 31, 2005. At the hearing, the trial court noted that because Giles's cause of action sounded in tort, not contract, arbitration was not her sole remedy. Wyatt responded that because Giles defended the motion to dismiss using a contract defense — claiming that the parties' agreement lacked mutuality — she had waived her right to argue that her claim sounded in tort and thus was not covered by Arkansas's Uniform Arbitration Act. The trial court concluded that whether or not an action sounds in tort is not a waivable issue and denied Wyatt's motion to dismiss and to compel arbitration based on the language contained in § 16-108-201(b)(2), which states that agreements to arbitrate "shall have no application to personal injury or tort matters." It is from this decision that Wyatt appeals.

A trial court's denial of a motion to compel arbitration is an immediately appealable order. *Showmethemoney Check Cashers, Inc. v. Williams*, 342 Ark. 112, 27 S.W.3d 361 (2000). Our court's review is authorized by Ark. Code Ann. § 16-108-219(a) (Repl. 2006) and is conducted de novo. *Am. Ins. Co. v. Cazort*, 316 Ark. 314, 871 S.W.2d 575 (1994).

In our review of this case we are particularly mindful of our review standard. In an appeal de novo, "the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings." *Blacks's Law Dictionary* 94

(7th ed. 1999). Thus, in this case, we are left with the singular task of concluding whether — as a matter of law — Giles's exclusive remedy in her dispute with Wyatt is arbitration. As a threshold matter, we must examine the arbitration agreement entered into by the parties, the complaint filed by Giles, and our state's arbitration act. Although Giles agreed that any claims she has against Wyatt would be governed by Arkansas's Uniform Arbitration Act, the act specifically excludes claims sounding in tort from its boundaries. Therefore, if Giles's claim sounds in tort, her remedy is not exclusively arbitration.

There is no doubt that the claims outlined in Giles's complaint sound in tort. Further, we reject Wyatt's metamorphosis argument. Simply put, a tort does not cease to be a tort based on a litigant's response — or lack thereof — to a motion to compel arbitration. Therefore, because Giles has alleged a tort and torts are not subject to the provision of the arbitration act, we conclude that the motion to compel arbitration should be denied.

Affirmed.

HART and ROAF, JJ., agree.