

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-14-401

| | |
|---|---|
| PROGRESSIVE ELDERCARE SERVICES – CHICOT, INC., D/B/A LAKE VILLAGE REHABILITATION AND CARE CENTER AND CHICOT OPERATIONS, LLC D/B/A LAKE VILLAGE REHABILITATION AND CARE CENTER | **Opinion Delivered** November 19, 2014 |
| | APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. CV-12-80] |
| APPELLANTS V. | |
| | HONORABLE DON GLOVER, JUDGE |
| SUE LONG, AS THE ADMINISTRATOR FOR THE ESTATE OF MARION L. "SUGAR" LONG, DECEASED | AFFIRMED |
| APPELLEE | |

**DAVID M. GLOVER, Judge**

Appellee, Sue Long, as administrator for the estate of her husband, Marion L. "Sugar" Long, filed suit against appellants, Progressive Eldercare Services—Chicot, Inc. d/b/a Lake Village Rehabilitation and Care Center and Chicot Operations, LLC d/b/a Lake Village Rehabilitation and Care Center (Progressive), seeking damages for negligence and wrongful death. Progressive filed a motion to compel arbitration, which the trial court denied. In denying the motion to compel, the trial court determined that Sue Long did not have actual or apparent authority to sign the arbitration agreement. The trial court further determined that Marion Long was not a third-party beneficiary of the agreement that was executed by Sue Long. Progressive does not appeal the decision regarding lack of authority. Rather, the

SLIP OPINION

two issues it raises in this appeal both challenge the trial court's decision regarding third-party-beneficiary status: 1) under Arkansas contract law, the third-party-beneficiary doctrine applies to enforce an arbitration agreement against a nursing-home resident when the agreement was entered into between the responsible party and the nursing-home defendant; 2) persuasive authority from the U.S. District Court for the Western District of Arkansas and other state and federal jurisdictions further supports applying the third-party-beneficiary doctrine to compel arbitration in these circumstances. We affirm the trial court's denial of the motion to compel arbitration.

*Background*

In its February 6, 2014 order, the trial court explained the context in which the case arose and its rationale for denying the motion to compel. On July 7, 2010, Marion Long, Sue's husband and the decedent in this case, became a resident of the Lake Village Rehabilitation and Care Center. When he was admitted, Sue Long signed all of the required documents, including an arbitration agreement. Marion Long resided at the center until on or about September 1, 2010, when appellant Progressive Eldercare Services—Chicot, Inc., assumed control and operation of the facility. It is undisputed that Sue Long did not have a power of attorney or any court or legal document authorizing her to serve as Marion Long's agent, i.e., to sign on his behalf. It is also undisputed that Marion Long was incapacitated and confused at the time of his admission, preventing him from being able to understand the contents of the admission forms and to make care and treatment decisions, even though he had not been declared mentally incompetent. None of the admission

2



documents were ever executed by Marion Long; rather, they were executed by Sue Long.

The arbitration agreement signed by Sue provides in part:

> The facility and Patient or Legal Representative agree to first utilize the Facility Grievance process to resolve all concerns, but if not satisfied, there is agreement to participate in arbitration to settle a dispute between the parties. Arbitration assists in the resolution of the concern faster and less expensive then litigating the dispute in the courts. An unrelated and unbiased individual, the arbitrator, is selected by the Patient or Legal Representative and the Facility, to hear the dispute. Specifically, the Patient or Legal Representative will select the Arbitrator from a list of five names provided by the Nursing Facility. The patient or Legal Representative may select the Arbitrator from this list or propose list of five names to serve as the Arbitrator to the Nursing Facility for its selection. The list must contain the names of certified Arbitrators with five or more years of experience and be licensed Arkansas attorneys whose offices are located within the State of Arkansas. The Nursing Facility will contact the selected Arbitrator and finalize the appointment. The Resident or Legal Representative will have the right to be represented by an attorney at the Arbitration hearing. Each party shall bear its own expenses of preparing for and participation in the Arbitration. The Nursing Facility will pay the Arbitrator's fee and the court reporter's fee. The decision of the arbitrator binds both parties and is final.

She signed her name on a line under which was printed, "Patient or Legal Representative."

In explaining its rationale for denying the motion to compel arbitration, the trial court explained that it considered the dispositive issue to be whether Sue Long had actual or apparent authority to sign the arbitration agreement. As noted earlier, the trial court concluded that she did not, and that decision is not challenged in this appeal. The trial court then addressed Progressive's contention that the arbitration agreement was binding because Marion Long was a third-party beneficiary to the agreement that was executed by his wife, Sue Long. The trial court stated that it was not persuaded by the argument and denied the motion to compel.

SLIP OPINION

Our jurisdiction to hear this appeal is pursuant to Rule 2(a)(12) of the Arkansas Rules of Appellate Procedure–Civil and Arkansas Code Annotated section 16–108–228(a)(1), whereby interlocutory appeals from orders denying motions to compel arbitration are permitted. *See also Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, 428 S.W.3d 437. We review a trial court's order denying a motion to compel arbitration de novo on the record. *Id*.

Because both of Progressive's points of appeal challenge only the denial of third-party-beneficiary status to Mr. Long, with the first point relying upon Arkansas law and the second point relying upon cases from other jurisdictions, we can most easily address them together.

Progressive contends that there are two elements that are necessary in order to apply the third–party–beneficiary doctrine under Arkansas law: 1) there must be an underlying valid agreement between two parties (citing *Andrews v. Victor Metal Prods. Corp.*, 239 Ark. 763, 394 S.W.2d 123 (1965)), and 2) there must be evidence of a clear intention to benefit a third party (citing *Perry v. Baptist Health*, 358 Ark. 238, 189 S.W.3d 54 (2004)). We do not disagree. Rather, the problem we have with Progressive's argument is that we do not have to go any further than the first element to conclude that the doctrine does not apply here. There is not a valid underlying agreement between two parties.

Sue Long signed the admission documents, particularly the arbitration agreement, in her representative capacity, not her individual capacity. The documents were clearly designed to be signed by the patient himself or his "Legal Representative." In its amended motion to compel arbitration, Progressive stated, "Sue Long, *as Mr. Marion Long's*

4

*representative*, executed a binding Arbitration Agreement with the intent to encompass the claims made in [the] complaint." (Emphasis added.) A copy of the arbitration agreement was attached to the motion and incorporated by reference. As determined by the trial court, however, she was not authorized to sign the documents as Mr. Long's representative. That decision has not been challenged in this appeal. Consequently, the underlying agreements were not valid, and without that first prong, the third-party-beneficiary doctrine does not apply.

With respect to the cases decided in other jurisdictions and relied upon by Progressive, it is axiomatic that we are not compelled to follow their holdings, and more importantly, we did not find them convincing under the circumstances presented here.

Affirmed.

PITTMAN and WHITEAKER, JJ., agree.

*Kutak Rock LLP*, by: *Mark W. Dossett*, *Jeff Fletcher*, and *Max Deitchler*, for appellants.

*David A. Couch, PLLC*, by: *David A. Couch*, for appellee.