

Cite as 2017 Ark. App. 284

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-16-978

| | |
|---|---|
| BROADWAY HEALTH & REHAB, LLC, d/b/a BROADWAY HEALTHCARE CENTER; BROADWAY HEALTH HOLDINGS, LLC; ARKANSAS SNF OPERATIONS ACQUISITION III, LLC; ARKANSAS NURSING HOME ACQUISITION, LLC; CSCV HOLDINGS II, LLC; CAPITAL FUNDING GROUP, INC.; ALAN ZUCCARI; BRIAN REYNOLDS; JOHN W. DWYER; SLC PROFESSIONALS, LLC; SLC PROFESSIONALS AR7, LLC; ADDIT, LLC; AND JACK H. SMITH, IN HIS CAPACITY AS ADMINISTRATOR OF BROADWAY HEALTHCARE CENTER<br><br>APPELLANTS<br><br>V.<br><br><br>CATHERINE ROBERTS, AS GUARDIAN OF THE PERSON AND ESTATE OF EVELYN KING, AN INCAPACITATED PERSON<br>APPELLEE | **Opinion Delivered:** May 10, 2017<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CV-15-646]<br><br>HONORABLE TOMMY FOWLER, JUDGE<br><br><br><br><br><br><br><br><br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

Catherine Roberts sued Broadway Health & Rehab, LLC, and related entities (collectively "Broadway") for medical malpractice, negligence, and violations of the Arkansas Long-Term Care Residents' Rights Act[1] for injuries her mother, Evelyn King, sustained

---

[1]Ark. Code Ann. §§ 20-10-1201 et seq. (Repl. 2014).

while a resident at Broadway Health & Rehab in West Memphis. Broadway appeals from an order denying its motion to compel arbitration.[2] Broadway argues on appeal that the circuit court erred in finding that the Federal Arbitration Act did not apply, in denying Broadway the opportunity to conduct discovery regarding Ms. Roberts's authority to sign the agreement for her mother, and in finding that the third-party-beneficiary doctrine was inapplicable. Broadway also argues that nonsignatories to the arbitration agreement may enforce the agreement. We hold that there was no valid arbitration agreement and that the circuit court did not abuse its discretion in denying Broadway the opportunity to conduct further discovery. Accordingly, we affirm the circuit court's order denying the motion to compel arbitration. This disposition renders all other issues moot.

When Ms. King was admitted to the facility on March 5, 2013, Ms. Roberts signed the relevant paperwork, which included an arbitration agreement. The arbitration agreement lists Evelyn N. King in the space immediately next to "Print Resident Name." Directly beneath that line is a signature space in which Ms. Roberts signed her name next to the date. The following appears directly under her signature:

> Signature of (1) Resident or (2) Resident Representative (circle one)
> If Resident Representative, please check the basis of your authority:
> ☐ Power of Attorney (attach document)
> ☐ Court-Appointed Guardian (attach document)
> ☐ Other.  Please explain. _____

Neither "Resident" nor "Resident Representative" was circled. The box next to "Other"

---

[2]An order denying a motion to compel arbitration is an appealable order. Ark. R. App. P.–Civ. 2(a)(12) (2016).

was checked, with the explanation "Daughter" written on the blank line next to it.

On November 24, 2015, Ms. Roberts, as guardian of the person and estate of Evelyn King, filed a complaint against Broadway alleging negligence, medical malpractice, and violations of the Arkansas Long-Term Care Residents' Rights Act. Specifically, Ms. Roberts alleged that Ms. King was admitted to the facility for incapacity due to a previous stroke and that during her time there she sustained numerous injuries, including a severe injury to her left hand; and she suffered from illnesses, including infection, poor hygiene, poor nutrition, and unnecessary pain and suffering. Broadway answered and then filed a motion to dismiss the complaint and compel arbitration pursuant to the Federal Arbitration Act, arguing that Ms. Roberts, on behalf of her mother, executed a binding arbitration agreement that encompassed the claims in her complaint. In the alternative, Broadway argued that, if the court found Ms. Roberts lacked authority to bind her mother, the arbitration agreement was valid under the third-party-beneficiary doctrine. Ms. Roberts resisted arbitration, claiming that Broadway did not own the facility when the arbitration agreement was signed and thus was not a party to the agreement and could not enforce it; Ms. Roberts lacked the authority to bind Ms. King; and the third-party-beneficiary doctrine was inapplicable because there was no valid underlying agreement between Ms. Roberts and Broadway.

Following a hearing, the circuit court denied Broadway's motion to compel arbitration, finding that the arbitration agreement was invalid as a matter of law, that Ms. King did not execute the agreement, that Ms. Roberts lacked the legal capacity to bind Ms. King to the terms of the arbitration agreement, that the third-party-beneficiary doctrine was

inapplicable, and that the Federal Arbitration Act did not apply to Ms. Roberts's claims. Finally, the circuit court denied Broadway's request for additional time to conduct discovery. Broadway filed this appeal.

We review an order denying a motion to compel arbitration de novo on the record, determining the issue as a matter of law. *Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, at 4, 434 S.W.3d 357, 360. We look to state contract law to decide whether the parties' agreement is valid. *Id.* Thus, the essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation. *Id.* The construction and legal effect of an agreement to arbitrate are to be determined by the appellate court as a matter of law. *Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, at 6, 428 S.W.3d 437, 442.

Our review of appellant's points on appeal requires that we first consider the circuit court's finding that Ms. Roberts lacked the legal capacity to bind Ms. King to the terms of the arbitration agreement, although we note that Broadway does not appear to specifically challenge this finding. Before a court can compel arbitration, it must make a threshold determination that a valid arbitration agreement exists between the parties. *Id.* Arbitration is a matter of contract, and the elements of a contract, including mutual agreement, must be met. *GGNSC Holdings, LLC v. Lamb*, 2016 Ark. 101, at 7, 487 S.W.3d 348, 353. When a third party signs an arbitration agreement on behalf of another, as was done in this case, the court must determine whether the third party was clothed with the authority to bind the other person to arbitration. *Courtyard Gardens Health & Rehab., LLC v. Williamson*, 2016 Ark.

App. 606, at 3, 509 S.W.3d 685, 688.

The burden of proving an agency relationship lies with the party asserting its existence—in this case, Broadway. *Quarles*, 2013 Ark. 228, at 7, 428 S.W.3d at 443. And while the statements and actions of an alleged agent may be admissible to corroborate other evidence tending to establish agency, neither agency nor the scope of agency can be established by declarations or actions of the purported agent. *Id.* Not only must the agent "agree to act on the principal's behalf and subject to [her] control," but the principal must also indicate that the agent is to act for her. *Quarles*, 2013 Ark. 228, at 6, 428 S.W.3d at 442–43 (quoting *Evans v. White*, 284 Ark. 376, 378, 682 S.W.2d 733, 734 (1985)).

In this case, the only evidence regarding Ms. Roberts's authority to bind her mother to the arbitration agreement is the agreement itself. The agreement demonstrates that Ms. Roberts did not have a power of attorney to act on Ms. King's behalf and that she had not been appointed to serve as Ms. King's guardian. Further, there was no evidence that Ms. King authorized Ms. Roberts to serve as her agent. Ms. Roberts specified on the arbitration agreement that she signed as Ms. King's "Daughter." Our supreme court made it clear in *Quarles* that a familial relationship is not sufficient to establish agency. At the hearing, Broadway's counsel conceded that, other than signing the agreement, she was not aware of any other steps having been taken by Broadway to ascertain actual or apparent agency between Ms. Roberts and Ms. King:

> COURT: But as you stand before me, you don't have anything to present to the Court of actual agency.
>
> APPELLANT'S COUNSEL: No, Your Honor.

SLIP OPINION

COURT: Not even apparent agency other than the familial relationship.

APPELLANT'S COUNSEL: Correct, Your Honor, and the language of this agreement.

There is no evidence at all to support the contention that Ms. King authorized Ms. Roberts to act as her agent in signing the arbitration agreement, even assuming she had the capacity to do so. On the record before us, we hold that the evidence fails to demonstrate, as a matter of law, that Ms. Roberts had the authority to act as Ms. King's agent to bind her to the arbitration agreement.

Broadway contends that the circuit court erred in denying its request for additional time to conduct discovery on the legal authority of Ms. Roberts to bind her mother to the arbitration agreement. A circuit court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by this court absent an abuse of discretion that is prejudicial to the appealing party. *Bennett v. Lonoke Bancshares, Inc.*, 356 Ark. 371, 155 S.W.3d 15 (2004). In order for this court to reverse the circuit court's denial of a continuance, an appellant must show that the circuit court abused its discretion and that the additional discovery would have changed the outcome of the case. *Alexander v. E. Tank Servs., Inc.*, 2016 Ark. App. 185, at 7, 486 S.W.3d 813, 817.

At the hearing, the circuit court questioned Broadway's counsel about what additional evidence it could discover to demonstrate that Ms. Roberts had authorization from her mother to execute the arbitration agreement on her behalf. Counsel stated that "having a conversation with Ms. Roberts to understand how she understood to have this authority" might help Broadway progress on the issue. The court stated that it was not persuaded there

was anything Broadway could discover from Ms. Roberts to ascertain that she had actual authority to enter into the agreement, and it denied the stay to conduct additional discovery.

We note again that, while the statements of an alleged agent may be admissible to corroborate other evidence tending to establish agency, agency cannot be established by declarations or actions of the purported agent. *Quarles*, 2013 Ark. 228, at 7, 428 S.W.3d at 443. Thus, the circuit court did not abuse its discretion in denying Broadway an opportunity to conduct additional discovery on the issue.

Broadway also argues that the circuit court erred in finding that the third-party-beneficiary doctrine is inapplicable to this case. Specifically, as an alternative to the agency theory to support a valid arbitration agreement, Broadway contends that Ms. Roberts entered into the arbitration agreement in her individual capacity and that Ms. King was the third-party beneficiary. Two elements are necessary to apply the third-party-beneficiary doctrine: there must be an underlying valid agreement between two parties and there must be evidence of a clear intention to benefit a third party. *Progressive Eldercare Servs.-Chicot, Inc. v. Long*, 2014 Ark. App. 661, at 4, 449 S.W.3d 324, 327. The first element, a valid agreement between Ms. Roberts and Broadway, has not been shown to exist. The only evidence is the agreement itself, in which Ms. Roberts clearly indicated that she did not sign in her individual capacity. Ms. King was listed as the resident on the arbitration agreement above Ms. Roberts's signature. Under the request for the basis of Ms. Roberts's authority to sign the document, Mr. Roberts indicated "Daughter." The doctrine does not apply.

Because we hold that the parties did not have a valid arbitration agreement under

either the agency theory or the third–party–beneficiary doctrine, we need not consider Broadway's additional arguments, which have been rendered moot.

Affirmed.

GLADWIN and VAUGHT, JJ., agree.

*Kutak Rock LLP*, by: *Mark W. Dossett*, *Scott Jackson*, and *Samantha B. Leflar*, for appellants.

*Ford & Cook, PLC*, by: *Bryce D. Cook*; and *James, Carter & Priebe, LLP*, by: *Jeff Priebe*, for appellee.