Cite as 2020 Ark. App. 187

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-357

| | |
|---|---|
| | Opinion Delivered March 18, 2020 |
| CAMDEN-PROGRESSIVE ELDERCARE SERVICES, INC., d/b/a OUACHITA NURSING AND REHABILITATION CENTER<br>APPELLANT | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52CV-18-206] |
| V. | |
| GLORIA COOPER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EMMER MCCORD, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF EMMER MCCORD | HONORABLE DAVID F. GUTHRIE, JUDGE |
| APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Judge

Camden-Progressive Eldercare Services, Inc., d/b/a Ouachita Nursing and Rehabilitation Center (Camden) appeals the circuit court's denial of its motion to compel arbitration. It asserts that it presented a valid arbitration agreement to the circuit court, that the inclusion of an "arbitration agreement checklist" did not render the arbitration agreement ambiguous, and that the use of the checklist as extrinsic evidence to generate an ambiguity in the arbitration agreement violates the parol-evidence rule. We affirm the circuit court's order.

On 4 May 2018, Gloria Cooper, as Personal Representative of the Estate of Emmer McCord, and on behalf of the Wrongful Death Beneficiaries of Emmer McCord (Cooper), filed a complaint against Camden and several other defendants.[1]  Cooper alleged that the defendants failed to provide her mother, Emmer McCord, and other residents with basic-care services and that McCord suffered multiple injuries including numerous falls, bedsores, multiple infections, malnutrition, poor hygiene, severe pain, and death.  Cooper alleged negligence, medical malpractice, breach of the admission agreement, breach of the provider agreement, and deceptive trade practices.

After answering the complaint, Camden moved to compel arbitration, asserting that Cooper, as McCord's legal guardian, had executed an admission agreement and binding arbitration agreement that encompassed the claims in her complaint.  Attached to the arbitration motion was a nine-page admission agreement, a two-page arbitration agreement, and a one-page "arbitration agreement checklist."  The admission agreement and arbitration agreement are both dated 31 August 2013; the arbitration checklist is not dated.  Cooper's signature is on all three documents.  The arbitration agreement states, "**THE PARTIES FURTHER ACKNOWLEDGE THAT THEY ARE GIVING UP AND WAIVING THEIR CONSTITUTIONAL RIGHT TO HAVE THEIR DISPUTES DECIDED IN A COURT OF LAW BEFORE A JUDGE AND**

---

[1]The other defendants are Progressive Eldercare Services, Inc.; JEJ Investments, LLC; Ponthie Holdings, LLC; Procare Therapy Services, LLC; Southern Administrative Services, LLC; Professional Nursing Solutions, LLC; CarePlus Staffing Services, LLC; Ross Ponthie; John Ponthie; Angela Marlar, in her capacity as Administrator of Ouachita Nursing and Rehabilitation Center; and Jeanette Goss, in her capacity as Administrator of Ouachita Nursing and Rehabilitation Center.  For simplicity's sake, we will use "Camden" to encompass all defendants.

**JURY**." (Emphasis in original.) The arbitration checklist contains twelve statements with an option to circle Yes or No after each statement; the eighth statement, which reads, "Arbitration is an alternative to jury trials, and by signing the Agreement, the Resident is giving up the right to a jury trial," has No circled after it.

Cooper responded in part to the motion to compel by arguing that by circling No on the checklist, she had not waived McCord's right to a jury trial. Camden replied that the checklist was not a part of the arbitration agreement and had been filed with its motion "inadvertently." As such, the checklist constituted parol evidence that was inadmissible given the clear terms of the admission and arbitration agreements.

The circuit court convened a hearing on the motion on 27 November 2018. After hearing arguments from counsel, the court denied the motion to compel arbitration. The court stated,

> The agreement itself is clear. The checklist is clear, but the answer of no to item number eight on the checklist I find creates an ambiguity on this. And the document, therefore, should proceed in the circuit court.
>
> The documents were prepared by the defendants. The checklist may be questionable whether it is parole [sic] evidence, but it is part of the contract. It was executed in conjuncture [sic] with the agreement, and therefore, it must be considered as one document for purposes of this review.
>
> The waiver of a jury trial is a significant waiver. . . . [W]aiver should not be taken lightly, and in looking at the totality of the matter, I find that arbitration should be denied.

A written order denying the motion to compel was filed in January 2019, and Camden has timely appealed.

We review a circuit court's order denying a motion to compel arbitration de novo on the record. *Hickory Heights Health & Rehab, LLC v. Cook*, 2018 Ark. App. 409, 557

S.W.3d 286. We decide the issues on appeal using the record developed in the circuit court without deference to the circuit court's ruling. *Wyatt v. Giles*, 95 Ark. App. 204, 235 S.W.3d 552 (2006). We are not bound by the circuit court's decision, but in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal. *Diamante v. Dye*, 2013 Ark. App. 630, 430 S.W.3d 196.

Arbitration is simply a matter of contract between parties. *Hickory Heights*, *supra*. Whether a dispute should be submitted to arbitration is a matter of contract construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. *Id.* The same rules of construction and interpretation apply to arbitration agreements as to agreements generally. *Id.* Therefore, we seek to give effect to the parties' intent as evidenced by the arbitration agreement itself. *Id.* The construction and legal effect of an agreement to arbitrate are to be determined by this court as a matter of law. *Id.* If there is any doubt, ambiguities in a contract are construed strictly against the drafter of the contract. *Patterson v. S. Farm Bureau Cas. Ins. Co.*, 2018 Ark. App. 179, 545 S.W.3d 253.

On appeal, Camden asserts that it presented a valid arbitration agreement to the circuit court, and the court itself found that the agreement was "clear." Camden denies that the checklist rendered the arbitration agreement ambiguous and argues that the checklist is not a contract. Camden contends that the use of the checklist as extrinsic evidence to generate an ambiguity in the arbitration agreement violates the parol-evidence rule, which allows the introduction of extrinsic evidence only if the contract contains a term that is ambiguous. *See Hurt-Hoover Invs., LLC v. Fulmer*, 2014 Ark. 461, 448 S.W.3d 696.

4

Camden also argues that even if the checklist could be considered in conjunction with the arbitration agreement, the agreement shows the parties' overriding intent was to waive the right to a jury trial and arbitrate disputes.[2]

Cooper responds that the circuit court correctly looked at the entire context of the agreement to ascertain the true intent of the parties and found that the checklist was part of the contract. Cooper notes that Camden does not challenge the court's explicit finding that the checklist is part of the contract. Thus, the parol evidence rule's prohibition on extrinsic evidence is not applicable in the present case. Cooper indicates that it was Camden itself that included the checklist as part of the arbitration agreement and that the checklist required the signature of the resident or legal guardian just as other sections of the contract required Cooper's signature. Cooper concludes that the circuit court correctly found that the contract was ambiguous and construed that ambiguity against the drafter, which was Camden.

Camden introduced the checklist as part of the arbitration agreement in its exhibit to the motion to compel, and while it later claimed that the checklist was merely "a tool that they use to make sure they cover certain topics with the person before the arbitration agreement is signed," the circuit court was not required to believe counsel's explanation. This argument is also belied by the requirement that the resident or legal guardian sign the checklist. We hold that Camden has failed to show that the circuit court erred in its

---

[2]Camden also addresses, and Cooper responds to, other arguments that were made below. However, the circuit court based its ruling on ambiguity and made no findings on the other arguments, so we need not address them.

interpretation of the law and therefore affirm the circuit court's denial of the motion to compel arbitration.

Affirmed.

SWITZER and VAUGHT, JJ., agree.

*Kutak Rock LLP*, by: *Mark W. Dossett*, *Jeff Fletcher*, and *Samantha Blassingame Leflar*, for appellant.

*Reddick Moss, PLLC*, by: *Heather G. Zachary* and *Matthew D. Swindle*, for appellees.