N. MARK KLAPPENBACH, Judge
This lawsuit arises from a car wreck in Tulsa, Oklahoma, in September 2010 in which Micayla Anne Patterson was killed and Daniela Salamo was injured. Patterson and Salamo were passengers in a vehicle driven by Colton Blaine Hill that collided with a vehicle driven by Dewey Quier. After settlements with insurance policies covering both the Hill vehicle and the Quier vehicle, Patterson's parents, as co-administrators of her estate, and Salamo filed complaints seeking underinsured motorist (UIM) benefits from appellee Southern Farm Bureau Casualty Insurance Company (Farm Bureau).[1] Farm Bureau denied that UIM benefits were available because the limits of applicable liability policies had not been exhausted. The Washington County Circuit Court granted summary judgment to Farm Bureau. We affirm.
The Hill vehicle was insured by two Farm Bureau policies providing liability and UIM coverage. The UIM portion of the policies provided in part as follows:
We will pay damages for bodily injury which a covered person is legally entitled to recover from the owner or operator of an underinsured auto. Bodily injury must be caused by an accident arising out of the ownership, maintenance or use of the underinsured auto.
*255 We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.
Farm Bureau paid the liability limits of both policies to appellants, and appellants signed releases containing the same relevant language. The Pattersons' release provided in part as follows:
In the event that the undersigned should pursue a claim or file a lawsuit against Dewey Christopher Quier or any other person responsible for the conduct of Dewey Christopher Quier, and if the undersigned should recover the limits of liability insurance available to Dewey Christopher Quier or any person or entity responsible for the actions of Dewey Christopher Quier, then, and only then, would the undersigned be able to pursue a claim for underinsured motorist benefits under the insurance policies issued by Southern Farm Bureau Casualty Insurance Company to Esther White (Policy MV00513646) and Debbie Bonner and Mike Bonner (Policy No. MV00632354). It is understood and agreed by the undersigned that no claim for underinsured motorist benefits shall be available to the undersigned, or to the Estate of Micayla Anne Patterson, deceased, or to the statutory beneficiaries of Micayla Anne Patterson under the Arkansas Wrongful Death Act if either of the following events occur:
(1) That no claim for damages is filed against Dewey Christopher Quier or any person or entity responsible for his actions; or
(2) If a claim is made or a lawsuit is filed against Dewey Christopher Quier and/or any other person or entity responsible for the actions of Dewey Christopher Quier and the parties making claim or filing suit fail to recover the liability limits of any applicable liability insurance available to Dewey
Christopher Quier and any other person or entity responsible for the actions of Dewey Christopher Quier.
Appellants filed suits in Tulsa County, Oklahoma, against Alan and Leanne Benton, Good Day Properties, LLC, and Dewey Quier. They alleged that the vehicle Quier was driving was owned by Alan Benton and that the Bentons and Good Day were Quier's employers. The complaints alleged that Quier's negligence and recklessness caused the accident and that the Bentons and Good Day were liable under the theories of negligent entrustment, negligent hiring, negligent retention, and respondeat superior. The District Court of Tulsa County granted summary judgment to all of the defendants on the claim of respondeat superior upon finding that the accident occurred outside the scope of Quier's employment. The claims of negligent hiring and supervision against Alan Benton and Good Day and the claim of negligent entrustment against Benton remained and were not pursued. Appellants subsequently reached settlements with the defendants and were paid from two State Farm policies-a liability policy covering the vehicle Quier was driving and a $1 million personal-liability umbrella policy issued to Alan and Leanne Benton. The liability limits of the automobile policy were paid to the Patterson estate, Salamo, and Hill. The Patterson estate and Salamo were paid settlements from the $1 million umbrella policy totaling $760,000.
Appellants then filed their complaints against Farm Bureau in the Washington County Circuit Court seeking UIM benefits. Farm Bureau moved for summary judgment, contending that because the limits of the umbrella policy were not paid, appellants had failed to exhaust the liability *256 limits of all available insurance proceeds. After a hearing, the circuit court granted summary judgment on the basis that compliance with the language in the releases allowed appellants to pursue a claim but did not establish entitlement to UIM benefits. The court held that appellants had to also meet the requirements in the Farm Bureau policy, and they had failed to do so.
Summary judgment is to be granted by a circuit court when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Lewis v. Mid-Century Ins. Co. , 362 Ark. 591, 210 S.W.3d 113 (2005). Questions of law are reviewed de novo. Corn v. Farmers Ins. Co. , 2013 Ark. 444, 430 S.W.3d 655.
Appellants do not contend that they satisfied the Farm Bureau UIM policy provision requiring exhaustion of "the limits of liability under any applicable bodily injury liability bonds or policies." Instead, appellants claim that pursuant to the releases, they were only required to exhaust "the limits of liability insurance available to Dewey Christopher Quier or any person or entity responsible for the actions of Dewey Christopher Quier." Appellants contend that because the Tulsa County District Court found that Quier's actions occurred outside the scope of his employment, the Bentons and Good Day were not "responsible for the actions" of Quier and exhaustion of the $1 million umbrella policy was not required.
Appellants argue that the circuit court's interpretation of the release reads language into it and makes the language in the release meaningless. Appellants claim that the release altered the policy language instead of supplementing it. Appellants argue that if the language is ambiguous, the circuit court should have construed it against the drafter, Farm Bureau, and in favor of coverage. See Nationwide Mut. Ins. Co. v. Worthey , 314 Ark. 185, 861 S.W.2d 307 (1993). Farm Bureau contends that the releases did not alter the unambiguous language of the insurance policies, under which appellants were not named insureds, and that the releases simply reflected Farm Bureau's knowledge of the potential claims against Quier and others.
As stated above, the releases provided that exhausting the liability limits of the policies available to Quier and those responsible for his actions would allow appellants to
be able to pursue a claim for underinsured motorist benefits under the insurance policies issued by Southern Farm Bureau Casualty Insurance Company to Esther White (Policy MV00513646) and Debbie Bonner and Mike Bonner (Policy No. MV00632354).
Farm Bureau contends that this language simply provides for when a UIM claim may be "pursued" and that whether a claim must be paid will necessarily depend on the specific terms, conditions, and exclusions of Farm Bureau's policy. We agree. The policy itself provides the circumstances under which "[Farm Bureau] will pay" UIM coverage. The UIM section of the policy includes provisions on coverage exclusions, limits of liability, and changes in conditions. The releases inform appellants of when they may "pursue a claim" under the specific policies listed. We agree with the circuit court that the policies must still be consulted for a determination of coverage. Because appellants do not claim to have met the requirements for coverage under the policies, we affirm.
Affirmed.
Gruber, C.J., and Harrison, Glover, and Murphy, JJ., agree.
Virden, J., dissents.

The cases were later consolidated.