TODD ELSNER, D.C. *v.*
FARMERS INSURANCE GROUP, INC.

05-365                                          220 S.W.3d 633

Supreme Court of Arkansas
Opinion delivered December 15, 2005

*Swindle Law Firm*, by: *Ken Swindle*, for appellant.

*Robinson Wooten PLC*, by: *Jon P. Robinson*, for appellee.

DONALD L. CORBIN, Justice. Appellant Todd Elsner, D.C., appeals the order of dismissal granted by the Benton County Circuit Court in favor of Appellee Farmers Insurance Group, Inc. On appeal, Appellant raises a single argument for reversal: that he is an intended beneficiary of the insurance contract between his client and Appellee. Specifically, the issue before the court is whether or not a health-care provider who provides services to a patient, pursuant to a personal injury protection (PIP) provision in that patient's policy, can be considered a third-party beneficiary to the extent that the provider has standing to litigate the question of the reasonableness and necessity of medical services provided to the insured. As this is an issue of first impression, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We find no error and affirm.

Appellant is a chiropractic physician who began treating Mrs. Allison Langley in September 2003 for acute traumatic injuries suffered in an automobile accident. At the time of the accident, Mrs. Langley was covered by her husband's insurance policy with Appellee. The insurance policy contained PIP coverage which stated that the insurance company will "pay for all reasonable and necessary medical and hospital expenses incurred within twenty-four (24) months from the date of the *accident* which cause the *bodily injury*." Appellant had submitted a bill to Appellee for payment in regards to Mrs. Langley's treatment. Appellee refused to pay part of the bill claiming that some of the charges were not reasonable nor necessary for diagnosing and treating Mrs. Langley's injuries.

On June 14, 2004, Appellant filed a complaint against Appellee for breach of contract. Appellant claimed that he was a third-party beneficiary to the insurance contract. Appellee responded by filing a motion to dismiss. Specifically, Appellee stated that Appellant had no privity of contract and was not a third-party

beneficiary. The trial court granted the motion to dismiss and entered its order on December 7, 2004. This appeal followed.

Appellant claims that the trial court erred in granting Appellee's motion to dismiss. Specifically, he argues that the trial court incorrectly relied upon *Ludmer v. Erie Ins. Exch.*, 295 Pa. Super. 404, 441 A.2d 1295 (1982), in finding that he could not proceed against Appellee because he was not a third-party beneficiary to the contract. In constructing his argument, Appellant claims that Appellee's policy contemplated that disputes may arise over the reasonableness and necessity of treatment thus implicating that the resolution of those disputes would occur between the doctors and the insurance company. Consequently, Appellant maintains that he is an intended third-party beneficiary and, therefore, has standing to proceed against Appellee. This argument is without merit.

In reviewing a dismissal order pursuant to Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Branscumb v. Freeman*, 360 Ark. 171, 200 S.W.3d 411 (2004); *City of Dover v. City of Russellville*, 352 Ark. 299, 100 S.W.3d 689 (2003). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. *Id.* Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*

This appeal also requires us to determine the intent of two parties in creating an insurance contract. We have repeatedly held that the presumption is that parties contract only for themselves and, thus, a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties. *Little Rock Wastewater Util. v. Larry Moyer Trucking, Inc.*, 321 Ark. 303, 902 S.W.2d 760 (1995); *Howell v. Worth James Constr. Co.*, 259 Ark. 627, 535 S.W.2d 826 (1976). If a contract is made for the benefit of a third party, then it is actionable by such third party if there is substantial evidence of a clear intention to benefit that third party. *Id.* Furthermore, "[i]t is not necessary that the person be named in the contract, and if he is otherwise sufficiently described or designated, he may be one of a class of persons if the class is sufficiently described or designated." *Little Rock Wastewater Util.*, 321 Ark. at 307, 902 S.W.2d at 763 (citing *Howell*, 259 Ark. at 630, 535 S.W.2d at 829). With this in mind, we now turn to the present case.

■ In this case, Appellant was not a party to the insurance contract. The policy lists coverage of two individuals — Mr. and Mrs. Langley. Appellee is the other party to the making of that contract. The presumption is that the insurance contract was created to benefit only those parties listed. There is nothing within the contract that clearly indicates that the contract was also made for the benefit of a third party, such as Appellant. While it is true that Appellant is a member of a class of individuals — health-care providers — who would provide the services contemplated by the PIP policy, there is no reference to these providers within the policy itself. There is nothing to indicate that the Langleys or Appellee intended Appellant to be a third-party beneficiary. Consequently, he does not have standing to bring suit directly against Appellee for breach of contract.

Although there is no Arkansas law regarding whether a health-care provider has standing as a third-party beneficiary to bring suit against an insurance company, other jurisdictions have examined the issue. Those cases, as discussed below, involved similar fact patterns to the present case, and support the finding that a health-care provider is not an intended third-party beneficiary. The trial court relied upon one such case, *Ludmer*, 295 Pa. Super 404, 441 A.2d 1295. There, a doctor claimed third-party beneficiary status under an insurance contract after he provided services to the insured. The Pennsylvania Superior Court explained that the wording of the contract indicated that the "[o]bligation runs directly to the entitled, covered person" and in no way implied that the insurance company was obligated to pay out to a third party. *Id.* at 408, 441 A.2d at 1297. Consequently, the court found that a service provider did *not* become a third-party beneficiary "merely upon the allegation that he has rendered services to the insured and presented a bill for those services to the insurer." *Id.* at 409, 441 A.2d at 1297.

Further support for the conclusion that a doctor is not a third-party beneficiary to an insurance contract is found in *Parrish Chiropractic Ctrs. P.C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049 (Colo. 1994) (*Parrish II*). There, the Colorado Supreme Court held that "a private provider of chiropractic services which provided treatment to a patient insured under a No-Fault policy is *not* a third-party beneficiary of the No-Fault policy and thus is not entitled to recover in a direct action to enforce the terms of that policy." *Id.* at 1051 (emphasis added) (citing *Parrish Chiropractic Ctrs., P.C. v. Progressive Cas. Ins. Co.*, 857 P.2d 540, 542 (Colo. Ct.

App. 1993) (*Parrish I*)). There, as here, the health-care provider sought payment from the insurers as a third-party beneficiary to a PIP contract. The court relied upon two findings to reach its conclusion that the doctor was not a third-party beneficiary: (1) the doctor was "only one of many health care providers" that the insured could choose from, and (2) the doctor was "not obliged under any statutory scheme to provide medical treatment to" the insured individuals. *Id.* at 1056.[1] Thus, the court concluded that the doctor was "only an incidental beneficiary of the [insurance company's] PIP policy and, as such, [was] not entitled to recovery in a direct action to enforce the terms of that policy." *Id.* at 1056-1057.

The present case is virtually identical to the *Ludmer* and *Parrish* cases. In both instances, there was no support for a finding that the health-care provider was an intended third-party beneficiary. In this case, Appellant was a member of a large class of health-care providers who could provide services to Mrs. Langley. There is nothing in the contract to indicate that he was an intended third-party beneficiary and, if anything, he was merely an incidental beneficiary who does not possess the right to bring a direct action against Appellee. Consequently, the trial court correctly granted Appellee's motion to dismiss.

Affirmed.

---

[1] The court based these findings upon two other cases. *See Kelly Health Care, Inc. v. Prudential Ins. Co. of America, Inc.*, 226 Va. 376, 309 S.E.2d 305 (1983) (finding that a medical provider was only a potential and incidental, but never an intended, beneficiary of the insurance contract); *United States v. Criterion Ins. Co.*, 198 Colo. 132, 596 P.2d 1203 (1979) (limiting its finding that the United States, acting as a health-care provider, had standing to bring suit against the insurance company to that specific fact pattern because it was the legislative intent that this provider be a third-party beneficiary).