SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-12-1126

| | |
|---|---|
| RENTCO, INC. | **Opinion Delivered** November 6, 2013 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT [NO. CV-2011-304-G] |
| V. | |
| FARMERS INSURANCE COMPANY, INC., and THE SHOPPACH AGENCY, INC. | HONORABLE STEPHEN TABOR, JUDGE |
| APPELLEES | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellee Farmers Insurance Company (Farmers) was granted summary judgment in Sebastian County Circuit Court, wherein the trial court found that appellant Rentco could not be considered a third-party beneficiary of an insurance policy. Rentco appeals, arguing that it is an intended third-party beneficiary to the insurance contract. We affirm the circuit court's summary judgment order, relying on *Elsner v. Farmers Insurance Group, Inc.*, 364 Ark. 393, 220 S.W.3d 633 (2005).

Rentco rented equipment to Farmers's insured, Steve Hoguet. Hoguet was involved in an automobile accident, and the equipment and Hoguet's vehicle were damaged. Hoguet had two policies with Farmers, both a personal and a business policy. Rentco contacted Farmers to pay for the repairs, and Farmers denied coverage.

SLIP OPINION

Rentco sued Hoguet and was awarded judgment. Rentco had a difficult time collecting from Hoguet because he had filed for bankruptcy. Therefore, Rentco sued Farmers to enforce its judgment and the contract between Hoguet and Farmers.

Farmers filed a motion for summary judgment alleging that the complaint should be dismissed because Rentco was not a third-party beneficiary of the insurance contract between Hoguet and Farmers, and, therefore, had no standing to sue Farmers. Rentco contended that it was an intended beneficiary of the insurance contract between Farmers and Hoguet both because the policy anticipated benefitting an injured party and because of Arkansas's legislative requirement of liability insurance for motor vehicles.

The trial court granted summary judgment, finding that Rentco was not a third-party beneficiary of the insurance contract. Rentco filed the instant appeal.

I. *Standard of Review*

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Walls v. Humphries*, 2013 Ark. 286, ___ S.W.3d ___. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Midkiff v. Crain Ford Jacksonville, LLC*, 2013 Ark. App. 373. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, ___ S.W.3d ___. We view the evidence in the light most

2

favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *Walls, supra.* Questions of law are reviewed de novo. *Berryhill v. Synatzske*, 2013 Ark. App. 483.

## II. *Third-Party Beneficiary*

In *Gorman v. Gilliam*, 2010 Ark. App. 118, 374 S.W.3d 117, this court addressed the issue of whether the property owners could sue the surety-bond issuer in relation to a termite-damage claim:

> The presumption is that parties contract only for themselves and, thus, a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties. *Elsner v. Farmers Ins. Group, Inc.*, 364 Ark. 393, 220 S.W.3d 633 (2005). In order for a stranger to a contract to sue upon it, there must be (1) an intent by the promisee to secure some benefit to the third party; and (2) some privity between the two—the promisee and the party to be benefitted—and some obligation or duty owing from the former to the latter that would give him a legal or equitable claim to the benefit of the promise, or an equivalent, from him personally. *Collins v. Cunningham*, 71 Ark. App. 297, 29 S.W.3d 764 (2000). Furthermore, it is not necessary that the person be named in the contract; if he is otherwise sufficiently described or designated, he may be one of a class of persons if the class is sufficiently described or designated. *Elsner*, 364 Ark. at 395, 220 S.W.3d at 635.

*Gorman*, 2010 Ark. App. 118, at 8, 374 S.W.3d at 122.

We relied on *Elsner, supra*, where our supreme court considered the issue of whether a health-care provider, who provides services to a patient pursuant to a personal-injury-protection (PIP) provision in that patient's policy, can be considered a third-party beneficiary to the extent that the provider has standing to litigate the question of the reasonableness and

necessity of medical services provided to the insured. *Elsner*, 364 Ark. at 394, 220 S.W.3d at 634. Our supreme court held that the provider was an incidental beneficiary who did not have the right to bring a direct action against the insurance company, stating that

> there was no support for a finding that the health-care provider was an intended third-party beneficiary. Appellant was a member of a large class of health-care providers who could provide services to the insured. There is nothing in the contract (between insurance company and the insured) to indicate that appellant was an intended third-party beneficiary and, if anything, he was merely an incidental beneficiary who does not possess the right to bring a direct action against Appellee insurance company.

*Id.* at 397, 220 S.W.3d at 636.

Rentco argues that it is a third-party beneficiary of the insurance contract between Hoguet and Farmers and has standing to sue Farmers to enforce its judgment against Hoguet. Rentco admits that there is no clear consensus among jurisdictions as to whether an injured party is a third-party beneficiary of an insurance contract. It cites many cases in jurisdictions that provide that an injured party may sue once judgment is obtained against the insured. *See Bolender v. Farm Bur. Mut. Ins. Co.*, 474 F.2d 1360 (3d Cir. 1973); *Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023 (N.D. Tex. 1995); *Harper v. Wausau Ins. Co.*, 66 Cal. Rptr. 2d 64 (Cal. Dist. Ct. App. 1997); *Cromer v. Sefton*, 471 N.E.2d 700 (Ind. Ct. App. 1984). Further, some states allow standing when addressing no-fault-medical-payments policies. *See Harper, supra; Hunt v. First Ins. Co. of Haw., Ltd.*, 922 P.2d 976 (Haw. Ct. App. 1996). Rentco admits that direct-action states are rare. *See Krasner v. Harper*, 82 S.E.2d 267 (Ga. Ct. App. 1954). Rentco also admits that some jurisdictions never allow an injured party to be considered a third-party beneficiary of an insurance contract in any of the circumstances

4

other courts have considered. *See In re Dow Corning Corp.*, 198 B.R. 214 (Bankr. E.D. Mich. 1996); *Trouten v. Heritage Mut. Ins. Co.*, 632 N.W.2d 856 (S.D. 2001). Finally, Rentco maintains that Arkansas has not ruled on this issue directly.

Rentco tries to distinguish *Elsner*, *supra*, emphasizing that it was a health-care provider case, where the provider was part of large class. Also, the policy at issue there did not mention health-care providers. Here, Rentco argues that it was an injured party that the insurance contracts specifically contemplated payment of a judgment to in the policies themselves. Also, the class here is defined—only persons to whom the insurer causes injury or damage to their property. Rentco argues that the policy itself contemplates the insurer being sued by a third party in paragraph 3 of part V—Conditions: "We may not be sued under the Liability Coverage until the obligation of a person we insure to pay is finally determined either by judgment against that person at the actual trial . . . ."

Rentco argues that public policy compels a finding that an injured party who has obtained a judgment against an insured is an intended third-party beneficiary of the insurance contract. It argues that insurance policies for bodily injury and/or destruction of property of others due to negligence in the operation of a motor vehicle are mandatory and cannot be rejected by an insured, as opposed to medical-payments provisions of insurance contracts. Ark. Code Ann. § 27-22-104 (Supp. 2011) (requiring drivers to have $25,000 liability coverage). Rentco argues that this statute is to prevent catastrophe to "others involved in accidents with them." Acts 1991, No. 988 section 1(a). Rentco maintains that it is not

SLIP OPINION

seeking a direct–action policy; rather, Rentco claims that it is seeking the ability to enforce a contract once judgment is obtained against an insured.

Farmers responds that Rentco is an incidental beneficiary of the insurance policy between Hoguet and Farmers and lacks standing to sue to enforce the policy. We agree. There is no privity of contract between Rentco and Farmers, as is required under the law. *Gorman*, *supra*. A contract is actionable by an intended beneficiary of a contract, but not by an incidental beneficiary. *Elsner*, *supra*.

Farmers contends that the statute requiring liability insurance for drivers does not provide for compensating injured parties nor contemplate allowing injured parties to bring action against an insurer. We note that section 1(a) of No. 988 of Acts 1991, pursuant to which Arkansas's liability statute was created, states, "[T]his act is designed to promote the enforcement of Arkansas' motor vehicle licensing laws." Farmers invites comparison between the liability-coverage statute, Arkansas Code Annotated section 27-22-104, which has no specific provision for claims by third parties, and Arkansas Code Annotated section 17-37-210 (Repl. 2010), which specifically provides for anyone claiming against a surety bond to maintain an action against the licensee and the surety. The court in *Gorman*, *supra*, relied on the specific statutory language stating, "Any person claiming against the bond may maintain an action at law against the licensee and the surety." *Gorman*, 2010 Ark. App. 118, at 9, 374 S.W.3d at 123.

Farmers also maintains that the policy at issue lacks reference to injured parties. The policy states the insurer will pay "damages for which an insured person is legally liable

6

because of bodily injury to any person, and/or property damage arising out of" the use of a vehicle. Farmers maintains that, construing the insurance contract to exist for the benefit of a class of people, the public, is too large a class and not sufficiently described or designated. *Elsner*, *supra*. We agree and, accordingly, affirm.

WOOD, J., agrees.

PITTMAN, J., concurs.

**JOHN MAUZY PITTMAN, Judge, concurring.** Appellant argues that the public policy behind Arkansas statutes containing mandatory insurance provisions is protection of innocent parties from significant financial loss, and that appellant, by falling within that category, is thus an *intended* third-party beneficiary of the insurance policy with standing to sue the insurer. I concur in the result arrived at by the majority.

I do not think that we need to address the question of first impression of whether an injured party has standing to bring an action against the tortfeasor's insurer in Arkansas. Even if we assume that such standing exists, appellant could not prevail in this case because the tortfeasor failed to give appellee insurer notice of the claim as required by the insurance policy. The notice provision is intended to allow the insurer to investigate and to commence the insured's assistance in defense of the action. Here, the insured did not notify the insurer of the loss or participate in the defense, and a default judgment was entered against him. Nor did appellant notify the insurer that a lawsuit had been instigated. It appears that the insurer essentially had no opportunity to defend.

7


It is well established in Arkansas that a defense that would have been available to the insurer against the insured relating to acts or omissions subsequent to the accident may be asserted by the insurer against the injured party. *See, e.g., Southern Farm Bureau Casualty Insurance Co. v. Jackson*, 262 Ark. 152, 555 S.W.2d 4 (1977). I would affirm on the grounds that the failure to give notice would defeat appellant's claim even if appellant did have standing to sue appellee insurer.

I respectfully concur.

*The Law Offices of Candice A. Settle, P.A.*, by: *Candice A. Settle*, for appellant.

*Robinson Law Firm, L.L.C.*, by: *Jon Robinson*, for appellees.