Cite as 2020 Ark. App. 518

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–20–59

| | |
|---|---|
| INNISFREE HEALTH AND REHAB, LLC; CENTRAL ARKANSAS NURSING CENTERS, INC.; NURSING CONSULTANTS, INC., D/B/A PROFESSIONAL NURSING AND REHABILITATION SERVICES; INNISFREE ESTATES, LLC; AND MICHAEL S. MORTON<br><br>APPELLANTS | **Opinion Delivered:** November 18, 2020<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-19-528]<br><br><br>HONORABLE JOHN R. SCOTT, JUDGE |
| V. | |
| KENNY JORDAN, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF KENNETH HAROLD JORDAN, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF KENNETH HAROLD JORDAN<br><br>APPELLEES | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

This is an interlocutory appeal concerning the denial of a motion to compel arbitration. Appellants are Innisfree Health and Rehab, LLC; Central Arkansas Nursing Centers, Inc.; Nursing Consultants, Inc., d/b/a Professional Nursing and Rehabilitation Services; Innisfree Estates, LLC; and Michael Morton. Appellees are Kenny Jordan, as special

administrator of the estate of Kenneth Harold Jordan, deceased, and on behalf of the wrongful death beneficiaries of Kenneth Harold Jordan.

Kenneth Jordan was admitted to Innisfree Health and Rehab, LLC (Innisfree), on August 25, 2016, and in connection with his admission, Reba Jordan, Kenneth Jordan's spouse, signed numerous documents. An arbitration agreement, which was included among those documents, is at issue in this appeal. For the following reasons, we affirm.

While Kenneth Jordan was a resident of Innisfree, he sustained numerous injuries including multiple falls, a subdural hematoma, subarachnoid bleed, intercranial hemorrhage, skin tears, head laceration, constipation, and dehydration, all leading to his untimely death on August 6, 2017. On March 7, 2019, Kenny Jordan, as the special administrator of the estate of Kenneth Jordan, filed suit against appellants asserting claims of negligence for the injuries to, and wrongful death of, Kenneth Jordan.

On April 18, 2019, appellants filed an answer and a motion to compel arbitration as to all claims and to stay proceedings. In their motion, appellants contended that the arbitration agreement signed by Reba Jordan on August 25, 2016, was binding on the estate of Kenneth Jordan. The arbitration agreement does not identify Kenneth Jordan anywhere within the four corners of the document. Instead, it identifies Reba Jordan as the "Responsible Party," and it is signed by Reba Jordan as the Resident's "Spouse." The agreement contains a space to mark—indicating to be checked if applicable—if the Responsible Party provided the facility with a copy of a power of attorney, guardianship papers, or other legal documents. That designated space is left blank.

In moving to enforce the arbitration agreement, appellants did not allege that Reba Jordan had the legal capacity to bind her husband to the arbitration agreement as his agent. Instead, appellants asserted that Reba Jordan signed the agreement in her "individual capacity as Responsible Party" and bound Kenneth Jordan as a third-party beneficiary to the agreement. Appellees responded that under Arkansas precedent and the terms of the arbitration agreement, Reba Jordan attempted to sign the agreement in a representative capacity (as her husband's "Spouse") but that such capacity was legally insufficient to create a valid and binding arbitration agreement as to Kenneth Jordan or his estate. Appellees further argued that the agreement, on its face, is incomplete.

Appellants replied, continuing to maintain that Reba Jordan signed in her individual capacity and that the third-party-beneficiary doctrine applied. Appellants later, after realizing that Reba Jordan had a power of attorney, changed their position and argued that her power of attorney was sufficient authority to bind the appellees to the arbitration agreement.

A hearing was held on appellants' motion on September 12, 2019. At the hearing, the circuit court held the agreement to be a nullity and denied the motion. On October 1, the circuit court entered an order with the following findings of fact:

(1) The agreement does not name or identify the intended resident;

(2) The nursing home did not check the box indicating that a power of attorney or other documentation had been provided;

(3) Reba Jordan signed the arbitration agreement in her capacity as Kenneth Jordan's spouse, not as his power of attorney, although she held a valid power of attorney at the time;

(4) Ambiguities in the agreement are to be construed against defendants; and

(5) The arbitration agreement is null and not enforceable.

Appellants timely filed their notice of appeal on October 29, 2019. The sole issue before our court is whether the circuit court erred in denying the motion to compel arbitration as to all claims and to stay the proceedings.

We review a circuit court's order denying a motion to compel arbitration de novo on the record. *Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, 428 S.W.3d 437. Arbitration is simply a matter of contract between parties. *Id*. Whether a dispute should be submitted to arbitration is a matter of contract construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. *Id*. The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally; thus, we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. *Id*. The construction and legal effect of an agreement to arbitrate are to be determined by this court as a matter of law. *Id*. We are also guided by the legal principle that contractual agreements are construed against the drafter. *Carter v. Four Seasons Funding Corp.*, 351 Ark. 637, 97 S.W.3d 387 (2003).

Generally, the terms of an arbitration contract do not apply to those who are not parties to the contract. *Bigge Crane & Rigging Co. v. Entergy Ark., Inc.*, 2015 Ark. 58, 457 S.W.3d 265; *Amer. Ins. Co. v. Cazort*, 316 Ark. 314, 871 S.W.2d 575 (1994). In Arkansas, the presumption is that parties contract only for themselves; thus, a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties. *Bigge Crane*, *supra*; *Elsner v. Farmers Ins. Group, Inc.*, 364 Ark. 393, 220 S.W.3d 633 (2005).

4

Appellants argue that there was a valid arbitration agreement between the parties as a matter of law. We must first determine whether Reba Jordan signed with the authority to bind the decedent to the arbitration agreement. In the present appeal, the parties to the arbitration agreement are Innisfree (the "Facility") and Reba Jordan as the "Resident's Responsible Party." The absence of the identity of the "Resident" in the arbitration agreement creates ambiguity in the identity of the parties. There is also no clear indication anywhere in the agreement to demonstrate whether Reba Jordan was signing in an individual capacity or in a representative capacity. Neither party marked the space indicating that she was acting pursuant to any legal authority, such as a guardianship or power of attorney.

When a third party signs an arbitration agreement on behalf of another, as was done in this case, the court must determine whether the third party was clothed with authority to bind the other person to arbitration. *Courtyard Gardens Health & Rehab., LLC v. Williamson*, 2016 Ark. App. 606, 509 Ark. App. 606. Here, Innisfree has the burden of proving an agency relationship. *See Quarles*, 2013 Ark. 228, at 7, 428 S.W.3d at 443. Nowhere does the arbitration agreement indicate that Reba Jordan signed as her husband's power of attorney or that she had any legal authority to bind him. Agency is not presumed, and if there is uncertainty or ambiguity in an agreement, or it is susceptible to more than one reasonable construction, our courts construes it most strongly against the party who drafted it. *Hickory Heights Health & Rehab v. Cook*, 2018 Ark. App. 409, at 10, 557 S.W.3d 286, 292 (citing *Price v. Willbanks*, 2009 Ark. App. 849, at 6, 374 S.W.3d 28, 32).

Because we hold that there is ambiguity in the agreement before us, we construe this contract most strongly against appellants and affirm the circuit court's conclusion that Reba Jordan did not sign in a representative capacity with the legal authority to bind Mr. Jordan.

Appellants alternatively argue that "[i]f it is determined that Ms. Jordan signed in an individual capacity, then the third-party beneficiary applies and Mr. Jordan is bound as an intended beneficiary." This argument has been expressly rejected both by our court and by the supreme court. In order for the third-party-beneficiary doctrine to apply, there must be (1) an underlying valid agreement between two parties and (2) evidence of a clear intention to benefit a nonparty to the agreement. *See Progressive Eldercare Servs.-Chicot, Inc. v. Long*, 2014 Ark. App. 661, at 4, 449 S.W.3d 324, 327.

Although Arkansas recognizes that a third-party beneficiary to a contract may have a claim for the contract breach of one of the parties, the theory requires a valid and enforceable contract. In other words, "a promise creates no duty to a beneficiary unless a contract is formed between the promisor and the promisee; and if a contract is voidable or unenforceable at the time of its formation the right of any beneficiary is subject to the infirmity." Restatement (Second) of Contracts § 309(1). In the absence of a valid contract, there can be no valid third-party-beneficiary claim for breach of contract. The third-party-beneficiary doctrine does not apply here because no valid agreement to arbitrate exists between Reba Jordan, individually, and appellants. We hold that Reba Jordan's signature in the signature block for the "Responsible Party" does not bind her individually.

Appellees argue that the manner in which the document was drafted—aligning the Responsible Party with the Resident in the body of the agreement and requiring that the

6

Responsible Party note his/her relationship to the Resident and any legal authority possessed—proves that Reba Jordan was not intended to be an independent party to this agreement. *See Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624; *Hickory Heights Health & Rehab, LLC v. Cook*, 2018 Ark. App. 409, 557 S.W.3d 286; *Pine Hills Health & Rehab. LLC v. Talley*, 2018 Ark. App. 131, at 2–8, 546 S.W.3d 492, 494–97. We agree.

Without a valid contract binding Reba Jordan, individually, there can be no contract to which Kenneth Jordan could have been a third-party beneficiary. *See Pine Hills Health & Rehab. LLC*, 2018 Ark. App. 131, at 8, 546 S.W.3d at 497 (holding that "there must first be a valid agreement to arbitrate between two parties when determining whether to apply the third party-beneficiary doctrine"). Accordingly, we affirm.

Affirmed.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Hardin, Jesson & Terry, PLC*, by: *Jeffrey W. Hatfield*, *Kynda Almefty*, *Carol Ricketts*, and *Kirkman T. Dougherty*, for appellants.

*Jeff Priebe Law Firm*, by: *Jeff R. Priebe*; and *Bailey & Oliver Law Firm*, by: *Sach D. Oliver*, *Frank H. Bailey*, *T. Ryan Scott*, and *Geoff D. Hamby*, for appellee.