Cite as 2022 Ark. App. 65

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-20-617

|  |  |
|---|---|
| SHERWOOD NURSING AND REHABILITATION CENTER, INC.; SHERWOOD NURSING CENTER, INC.; CENTRAL ARKANSAS NURSING CENTERS, INC.; DAVID NORSWORTHY; MICHAEL S. MORTON; KINDRED HOSPICE SERVICES, LLC; ODYSSEY HEALTHCARE OPERATING A, LP, D/B/A KINDRED HOSPICE II<br><br>APPELLANTS<br><br>V.<br><br>SUSAN CAZORT, AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF LENA MOZELLE MCGAUGHEY, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF LENA MOZELLE MCGAUGHEY<br><br>APPELLEES | Opinion Delivered February 9, 2022<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION [NO. 60CV-19-8758]<br><br>HONORABLE ALICE S. GRAY, JUDGE<br><br>AFFIRMED IN PART; DISMISSED AS MOOT IN PART |

**STEPHANIE POTTER BARRETT, Judge**

Sherwood Nursing and Rehabilitation Center, Inc., d/b/a Sherwood Nursing Center

and numerous other associated parties (Sherwood Appellants); and Kindred Hospice

Services, LLC, and Odyssey Healthcare Operating A, LP, d/b/a Kindred Hospice II (Kindred

Appellants) bring this interlocutory appeal from an order of the Pulaski County Circuit

Court denying the Sherwood Appellants' motion to compel arbitration of a negligence complaint filed by appellee Susan Cazort, as special administratrix of the estate of Lena Mozelle McGaughey (Mozelle), and denying the Kindred Appellants' motion to adopt and join the motion to compel arbitration. Appellants contend that the circuit court erred in refusing to enforce a valid arbitration agreement. We find no error and affirm.

The facts pertinent to this appeal involve the admission and arbitration agreements that were executed when Mozelle, Susan's grandmother, began her residency at Sherwood Nursing Center and a "Declaration and Durable Power of Attorney" (POA) executed by Mozelle in favor of her daughter, Sue Nance, almost four years prior to her admission to Sherwood Nursing Center on September 11, 2013. Mozelle, the actual resident, did not execute either the admission agreement or the arbitration agreement. There is an admission agreement that indicates that Mozelle agreed to abide by the terms and conditions listed; however, the agreement submitted is incomplete as there is no person listed as the "Responsible Party," there is no signature from any party, and it abruptly ends in the middle of a section outlining "financial understandings."

Sue signed the arbitration agreement as the "Responsible Party" and wrote "Daughter" on the line labeled "Responsible Party's Relationship to Resident." There was also a place for a witness signature if the document was signed by a "Responsible Party," but no witness signature was included. The arbitration agreement defines "responsible party" as

> your legal guardian, if one has been appointed, your attorney-in-fact, if you have executed a power of attorney, or some other individual or family member who agrees to assist the Facility in providing for your health, care and maintenance.

2

Also in the arbitration agreement, the following sentence appears with no checkmark beside it:

> ____(Check if applicable): a copy of my guardianship papers, durable power of attorney or other documentation has been provided to the Facility and is attached.

The arbitration agreement did not identify Mozelle anywhere in the agreement. "-McGaughey" is handwritten on the top right-hand corner of the document. The arbitration agreement states that it is an "addendum to and part of the admission agreement" and a "condition of admission" that will govern any and all claims, disputes, and controversies that arise out of or in connection with any service or health care provided by Sherwood Nursing to the resident that would constitute a cause of action in a court of law.

The 2013 POA appointed Sue to be Mozelle's healthcare proxy to make healthcare decisions for Mozelle and to decide "whether life-sustaining treatment should be withheld or withdrawn." The POA's expressed intention was to confer authority on Sue to exercise all medical decisions, whether at the end of life or not, notwithstanding any subsequent disability or incapacity. The POA provided that all acts done by her lawful attorney in fact under the "Living Will and Durable Medical Power of Attorney" during any period of her disability or incapacity would be binding on Mozelle.

Mozelle was a resident of Sherwood Nursing Center from May 26, 2017, until her death on July 1, 2018. Susan was appointed special administratrix of Mozelle's estate on October 15, 2018. She filed the negligence complaint against the Sherwood Appellants and

3

Kindred Appellants[1] on December 9, 2019. In her complaint, she alleged that as a result of the appellants' negligence, Mozelle's physical health deteriorated in an accelerated manner resulting in falls, infections, skin issues, dehydration, pain, suffering, and untimely death. The Sherwood Appellants answered the complaint denying the material allegations of Susan's complaint and asserted that the dispute was governed by the arbitration agreement signed when Mozelle entered the facility. The Kindred Appellants answered the complaint denying the material allegations against them.

The Sherwood Appellants filed a motion to compel arbitration on January 24, 2020, contending that the admission agreement and arbitration agreement encompassed Susan's claims against it. They argued that Sue had the authority to bind Mozelle to both agreements under the POA executed on September 11, 2013. Susan filed a response on February 14, denying the validity and enforceability of the arbitration agreement because Sue lacked the authority to execute the arbitration agreement on Mozelle's behalf. On March 11, 2020, the Kindred Appellants filed a motion to adopt and join the Sherwood Appellants' motion to compel arbitration alleging that the terms of the arbitration agreement were broad enough to cover the "services or health care" that they provided to Mozelle during the end of her residency even though they were not a party to the agreement. Susan filed a response on May 19, denying the validity and enforceability of the arbitration agreement and arguing that

---

[1]The Kindred Appellants provided hospice services to the Sherwood Appellants on an independent-contractor basis.

the "services or health care" covered under the agreement did not cover the services provided by the Kindred Appellants.

After a hearing on the motion to compel arbitration and motion to adopt and join motion to compel arbitration, the circuit court rejected the both the Sherwood Appellants' and the Kindred Appellants' positions and made the following findings:

1.      The Nursing Home Defendants' Motion to Compel Arbitration is DENIED for the following reasons:

    a.      The Nursing Home Defendants failed to meet their burden of proof that the entire Admission Agreement that was filed as an Exhibit to the Motion was a full and complete signed agreement.

    b.      The Nursing Home Defendants failed to meet their burden of proof that Sue Nance had the authority to bind Lena Mozelle McGaughey to the Arbitration Agreement because there is no evidence that the Sue Nance [sic] used a durable power of attorney to admit Lena McGaughey into the nursing home. The court finds that at the time of admission, Sue Nance was acting in her capacity as a daughter and, thus, could not bind Lena McGaughey to the arbitration agreement.

    c.      Even if the Nursing Home Defendants relied on the Durable Medical Power of Attorney of Lena Mozelle McGaughey, that Durable Power of Attorney did not give Sue Nance the authority to bind Lena Mozelle McGaughey to the Arbitration Agreement.

    d.      That the Nursing Home Defendants failed to meet their burden of proof to show that the springing Durable Medical Power of Attorney of Lena Mozelle McGaughey was: (1) in effect on May 25, 2017; (2) that Lena Mozelle McGaughey meet [sic] the conditions for the Durable Medical Power of Attorney to be in effect on May 25, 2017; and/or (3) pursuant to Arkansas Code Annotated 28-68-109, the Durable Medical Power of Attorney was in effect on May 25, 2017.

5

2. Kindred Defendants' Motion to Adopt and Join the Motion to Compel Arbitration is DENIED because the Kindred Defendants failed to meet their burden of proof that they, as nonsignatories to the arbitration agreement have the right to compel arbitration to the facts of the case.

The Sherwood Appellants and Kindred Appellants timely appealed[2].

Our court reviews a circuit court's order denying a motion to compel arbitration de novo on the record. *Hickory Heights Health & Rehab., LLC v. Hines*, 2020 Ark. App. 55, 593 S.W.3d 506. Arbitration is simply a matter of contract between parties. *Id.* Whether a dispute should be submitted to arbitration is a matter of contract construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. *Id.* The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally. *Id.* Therefore, we seek to give effect to the parties' intent as evidenced by the arbitration agreement itself. *Id.* The construction and legal effect of an agreement to arbitrate are to be determined by this court as a matter of law. *Id.*

Generally, the terms of an arbitration contract do not apply to those who are not parties to the contract. *Innisfree Health and Rehab, LLC v. Titus*, 2021 Ark. App. 403, ___ S.W.3d ___. In Arkansas, the presumption is that the parties contract only for themselves; thus, a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties. *Id.*

---

[2]An order denying a motion to compel arbitration is immediately appealable under Rule 2(a)(12) of the Arkansas Rules of Appellate Procedure–Civil and Ark. Code Ann. § 16-108-228(a)(1) (Repl. 2016).

## I. *The Sherwood Appellants*

The Sherwood Appellants' first point on appeal is that there was a valid arbitration agreement as a matter of law. We must first determine whether Sue signed with the authority to bind Mozelle to the arbitration agreement. In the present appeal, the parties to the arbitration agreement are the "Facility" (Sherwood Nursing and Rehabilitation Center) and Sue as the "Resident's Responsible Party." The absence of the identity of the "Resident" in the arbitration agreement creates ambiguity in the identity of the parties. There is nothing in the record to explain who wrote the handwritten "-McGauhey" in the top right-corner of the arbitration agreement or why. In addition, Sue indicated that she was signing the agreement as Mozelle's "Daughter." Neither party marked the space indicating that she was acting pursuant to any legal authority, such as a guardianship or power of attorney.

When a third party signs an arbitration agreement on behalf of another, as was done in this case, the court must determine whether the third party was clothed with authority to bind the other person to arbitration. *Innisfree Health & Rehab, LLC v. Jordan*, 2020 Ark. App. 518, 5–6 (2020). Here, Sherwood Nursing has the burden of proving an agency relationship. *Pine Hills Health and Rehab., LLC v. Talley*, 2018 Ark. App. 131, 546 S.W.3d 492. The arbitration agreement does not indicate that Sue signed as her mother's power of attorney or that she had any legal authority to bind her. Agency is not presumed, and if there is uncertainty or ambiguity in an agreement or it is more susceptible to more than one reasonable construction, our courts construe it most strongly against the party who drafted it. *Id.* Because we hold that there is ambiguity in the agreement before us, we construe this

7

contract most strongly against the Sherwood Appellants and affirm the circuit court's conclusion that Sue did not sign in a representative capacity with the legal authority to bind Mozelle.

The Sherwood Appellants' second point on appeal is that Sue's signature on the arbitration agreement bound Mozelle to its terms because the September 11, 2013 POA granted Sue authority to sign the arbitration agreement, and Sherwood Nursing's determination that Mozelle lacked capacity to make her own decisions triggered the POA. The Sherwood Appellants attempt to distinguish the case at issue by acknowledging that this court's decision in *Jordan* found the lack of a checkmark on the space indicating that a power of attorney had been provided was fatal to the validity of the arbitration agreement; however, they claim that because Sue signed as the "Responsible Party"—defined within the agreement as "your attorney in fact, if you have executed a power of attorney"—that should be enough to establish that Sue had the authority to bind Mozelle to arbitration.

In *Jordan*, the resident, Kenneth Jordan, executed a power of attorney in favor of his wife, Reba Jordan. *Jordan*, 2020 Ark. App. 518. As in the present case, the arbitration agreement identified Reba as the resident's "Responsible Party," and it was signed by Reba as the resident's "Spouse." Moreover, as in the present case, the agreement contained a space—which was left blank—that was to be checked if applicable if the Responsible Party provided the facility with a copy of the power of attorney, guardianship papers, or other legal documents. The circuit court in *Jordan* found the arbitration agreement unenforceable because Reba had signed the arbitration agreement in her capacity as Kenneth's spouse, not

8

as his power of attorney—even though she held a valid power of attorney—and the nursing home did not check the blank indicating that a power of attorney had been provided. *Id.* Our court affirmed the circuit court's order, stating that there was no clear indication anywhere in the arbitration agreement to demonstrate whether Reba was signing in an individual capacity or in a representative capacity, and neither party marked the space indicating that Reba was acting under any legal authority, such as a power of attorney.

The Sherwood Appellants argue that the language of the POA "specifically granted to Ms. Nance authority 'exercisable for all medical decisions, whether at the end of life or not, notwithstanding my subsequent disability or incapacity and all acts by my lawful attorney in fact under this Living Will and Durable Medical Power of Attorney . . . will be binding on me,'" which provided Sue with the requisite authority to bind Mozelle to the arbitration agreement. This argument is unpersuasive. Here, the POA does not grant authority to Sue for any nonmedical decisions. The plain reading of the instrument clearly reads "all medical decisions." The nature and extent of an agent's authority must be ascertained from the power-of-attorney instrument. *Courtyard Gardens Health v. Williamson*, 2016 Ark. App. 606, 509 S.W.3d 685. Our court has found a power of attorney that included authority to make health-care decisions did not include the authority to agree to arbitrate. *Id.* Finally, there is nothing in this record establishing that the POA was in effect on May 25, 2017, the day of Mozelle's admission, nor any indication in our record that the POA was provided to Sherwood Nursing Center at the time of Mozelle's admission to the nursing home or when the relevant documents were signed.

Applying our reasoning in *Jordan* to the present case, we hold that Sue was signing in her individual capacity as a daughter and not in a representative capacity. The Sherwood Appellants have failed in their burden to prove an agency relationship such that Sue signed in a representative capacity with the legal authority to bind Mozelle or that the POA was in effect at the time of admission or that it provided Sue the authority to legally bind Mozelle. Accordingly, we affirm the circuit court's order denying the Sherwood Appellants' motion to compel arbitration.

## II.

### *The Kindred Appellants*

The Kindred Appellants' entire argument on appeal assumes that a valid agreement to arbitrate existed between the parties. Our court disagrees and has affirmed the circuit court's order denying the Sherwood Appellants' motion to compel arbitration on the ground that a valid agreement does not exist between the parties. Even assuming arguendo that a valid agreement existed, the Kindred Appellants' argument would fail because they were not a party to the agreement. *Stipanuk v. Williams*, 2018 Ark. App. 319, 552 S.W.3d 34. We dismiss the Kindred Appellants' appeal as moot.

Affirmed in part; dismissed as moot in part.

ABRAMSON and BROWN, JJ., agree.

*Hardin, Jesson & Terry PLC*, by: *Jeffrey W. Hatfield*, *Kynda Almefty*, *Carol Ricketts*, *Kirkman T. Dougherty*, and *Stephanie I. Randall*, for Sherwood appellants.

10

*Wright, Lindsey & Jennings LLP*, by: *Jeffrey L. Singleton* and *Kristen S. Moyers*, for Kindred appellants.

*Rainwater, Holt & Sexton, P.A.*, by: *Jeff R. Priebe*, for appellee.