Cite as 2025 Ark. App. 91

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-570

|  |  |
|---|---|
| GREYSTONE NURSING AND REHAB, LLC; CENTRAL ARKANSAS NURSING CENTERS, INC.; NURSING CONSULTANTS, INC.; AND MICHAEL MORTON<br><br>APPELLANTS<br><br>V.<br><br>DONNA GLOVER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DOROTHY FRIZZELL, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DOROTHY FRIZZELL<br><br>APPELLEE | Opinion Delivered February 12, 2025<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CV-22-701]<br><br>HONORABLE BARBARA ELMORE, JUDGE<br><br>AFFIRMED |

**MIKE MURPHY, Judge**

This is an appeal from an order of the Lonoke County Circuit Court denying the motion to compel arbitration filed by appellants Greystone Nursing and Rehab, LLC; Central Arkansas Nursing Centers, Inc; Nursing Consultants, Inc; and Michael Morton (collectively referred to herein as "Greystone"). On appeal, Greystone argues the circuit court erred in denying its motion to compel despite the existence of a valid and enforceable arbitration agreement. We affirm.

On September 27, 2022, appellee Donna Glover, as personal representative of the estate of Dorothy Frizzell and on behalf of the wrongful death beneficiaries of Frizzell, filed

her complaint alleging that Frizzell was injured as a result of the care and treatment received at Greystone. Frizzell resided at Greystone from June 1, 2021, to January 19, 2022. The complaint asserted causes of action for negligence, medical malpractice, breach of the admission agreement, and deceptive trade practices. Greystone answered, denying the claims and asserting the existence of an arbitration agreement as a defense. Greystone moved to compel arbitration, and a hearing was held on the motion on April 21, 2023, establishing the following facts.

Donna Glover, Frizzell's daughter, accompanied Frizzell on the day she was admitted to Greystone. Glover was presented with paperwork in connection with the admission, including an admission agreement and an incorporated arbitration agreement. The arbitration clause provided that signing the arbitration agreement was a condition of admission. The arbitration agreement included a blank line followed by "(Check if applicable): A copy of my guardianship papers, durable power of attorney or other documentation has been provided to the Facility and is attached." There is no checkmark in the blank. Additionally, the resident line is left blank and was signed by Glover as the "responsible party." Where the paperwork asks for "responsible party's relationship to resident," Glover wrote "daughter." When the arbitration agreement was signed, Glover was Frizzell's attorney-in-fact pursuant to a "General/Durable Power of Attorney" executed on March 1, 2017. The power of attorney specifically provided that Frizzell granted to Glover the power to act on Frizzell's behalf with respect to legal actions or any other matter deemed

"advisable, necessary, or desirable for the management of [Frizzell's] affairs." It is undisputed that Greystone was not made aware of the power of attorney until after admission.

After hearing arguments, the court entered a blanket order denying the motion without comment. This appeal followed.

An order denying a motion to compel arbitration is immediately appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(12) (2022). We review a circuit court's denial of a motion to compel arbitration de novo on the record. *Courtyard Gardens Health & Rehab., LLC v. Arnold*, 2016 Ark. 62, 485 S.W.3d 669.

Arbitration is simply a matter of contract between parties. *Hickory Heights Health & Rehab., LLC v. Cook*, 2018 Ark. App. 409, 557 S.W.3d 286. Whether a dispute should be submitted to arbitration is a matter of contract construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. *Id.* at 5, 557 S.W.3d at 290. The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally; thus, we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. *Id.*, 557 S.W.3d at 290. The construction and legal effect of an agreement to arbitrate are to be determined by this court as a matter of law. *Id.*, 557 S.W.3d at 290.

Though there is a presumption in favor of arbitration, such a presumption is triggered only when an underlying valid and enforceable arbitration agreement exists. *Nursing & Rehab. Ctr. at Good Shepherd, LLC v. Richardson*, 2023 Ark. App. 427, 676 S.W.3d 375. As with other types of contracts, the essential elements for an enforceable arbitration agreement are (1)

3

competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Salem Place Nursing & Rehab. Ctr., Inc. v. Jefferson*, 2023 Ark. App. 237, 667 S.W.3d 543. As the proponent of the arbitration agreement, Greystone has the burden of proving these essential elements. *Id.*

Frizzell is not identified anywhere within the four corners of the arbitration agreement. We have held under similar facts that absent any clear evidence that the resident's responsible party was signing in a representative capacity, we construe the ambiguity most strongly against the drafters of the agreement to conclude that the responsible party is signing in an individual capacity. *See, e.g.*, *Innisfree Health & Rehab, LLC v. Titus*, 2021 Ark. App. 403, 636 S.W.3d 781, 785; *Innisfree Health & Rehab, LLC v. Jordan*, 2020 Ark. App. 518.

In both *Titus* and *Jordan*, the spouse of the nursing-home admittee signed the admission and arbitration agreements on behalf of the admittees as "Responsible Party" and as "Spouse." Both spouses possessed powers of attorney; however, this court found it significant that neither spouse had checked the space indicating that the spouse had provided a copy of the power of attorney to the facility when the agreement was signed. We held this created an ambiguity as to the capacity in which the responsible party signed the agreement and construed that ambiguity against the facility for failing to prove that the responsible party was acting as an agent rather than as an individual when signing the agreement. Accordingly, we affirmed the circuit court's denial of the nursing home's motion to compel arbitration because there was no evidence that either of the spouses had signed the agreements in a representative capacity.

Similarly, here, while Glover had a power of attorney when the agreement was signed, she did not check the box on the agreement reflecting that a copy of her power of attorney had been provided to the nursing home. Instead, she signed on the line designated for the responsible party and listed her relationship to the resident as "daughter."

Greystone attempts to distinguish the facts here from the facts in cases like *Titus* and *Jordan* because it claims, here, the definition of "responsible party" is more specific than agreements our courts have previously interpreted, leaving no room for ambiguity. Greystone's agreement provides,

> The "Responsible Party" is the Resident's legal guardian, if one has been appointed, or the Resident's attorney-in-fact, if the Resident has executed a power of attorney. If the Resident does not have an appointed guardian, and has not executed a power of attorney, the "Responsible Party" is another individual or family member who agrees to assist the Facility in providing for the Resident's health, care and maintenance.

Compare this language, then, to the language in other cases, which have generally had identical language in each of the arbitration agreements. For example, in *Titus*, the admission agreement defined "Responsible Party" as "the Resident's legal guardian, if one has been appointed, the Resident's attorney-in-fact, if the Resident has executed a power of attorney, or some other individual or family member who agrees to assist the facility in providing for the Resident's health care, and maintenance." *Titus*, 2021 Ark. App. 403, at 3, 636 S.W.3d at 783. In *Sherwood Nursing & Rehabilitation Center, Inc. v. Cazort*, and *Nursing & Rehabilitation Center at Good Shepherd, LLC v. Richardson*, "Responsible Party" was defined as "your legal guardian, if one has been appointed, your attorney-in-fact, if you have executed a power of attorney, or some other individual or family member who agrees to assist the Facility in

5

providing for your health, care and maintenance." *Cazort*, 2022 Ark. App. 65, at 2, 642 S.W.3d 214, 216; *Richardson*, 2023 Ark. App. 427, at 2–3, 676 S.W.3d 375, 377.

Greystone argues that pursuant to its definition, if the resident has executed a power of attorney, then the responsible party is his or her attorney-in-fact, and a responsible party can sign as "another individual or family member" only if the resident does not have a guardian or attorney-in-fact. Greystone claims that Frizzell executed a power of attorney appointing Glover as her attorney-in-fact, so Glover was acting in that capacity when she signed the arbitration agreement. We disagree with Greystone that this change is significant enough to distinguish it from our precedent or even that the change in language is dispositive.

As we explained in *Richardson*, 2023 Ark. App. 427, 676 S.W.3d 375, the critical question is not whether the signor possessed authority but whether the signor was exercising it when the signor signed the arbitration agreement. Thus, the change in the definition does not cure the ambiguity. As in the other cases, the box designating evidence of authority was blank, and when instructed to indicate her authority as responsible party, Glover wrote "daughter" instead of "attorney in fact." Given our caselaw and the requirement to construe the ambiguity most strongly against the drafters of the agreement, we affirm this point.

Greystone also argues that Glover had authority to enter into the arbitration agreement on behalf of Frizzell. However, given the finding that Glover signed the agreement in an individual capacity and not on behalf of Frizzell, Greystone's argument is moot. *See Richardson*, 2023 Ark. App. 427, 676 S.W.3d 375 (holding that once the circuit court found

6

that the appellee did not sign the agreement on behalf of her brother, then the question of what authority she was "clothed with" to bind the decedent became moot).

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Hardin, Jesson & Terry, PLC*, by: *Jeffrey W. Hatfield, Kynda Almefty, Carol Ricketts*, and *Kirkman T. Dougherty*, for appellants.

*Reddick Law, PLLC*, by: *Matthew D. Swindle* and *Heather G. Zachary*, for appellee.